8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Ricardo NASH, Defendant-Appellant.
 No. 92-5412.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Benjamin A. Neil, Benjamin A. Neil & Associates, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, W. Warren Hamel, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Steven Ricardo Nash appeals his conviction for aiding and abetting a bank robbery, in violation of 18 U.S.C. § 2113(a) (West Supp. 1992). We affirm.
 
 I.
 
 2
 On March 22, 1991, Nash drove Daryl McCoy to a branch of the Maryland National Bank. The car belonged to Nash's girlfriend, Gail Alston. Upon arriving at the bank, Nash backed into a parking space and left the motor running. McCoy robbed the bank while Nash waited in the car. After the robbery, McCoy exited the bank and hurried to the car, which sped off. A witness provided license plate information, and police went to Alston's residence. Alston at first refused to allow officers to enter the home, and Nash was apparently able to flee the residence by a back door.
 
 
 3
 Nash turned himself in to police the next day. He stated that on the day of the robbery, McCoy had asked him for a ride to the bank so that McCoy could cash a check. Nash denied having any advance knowledge that McCoy intended to rob the bank. Nash stated that he did not realize until a dye pack exploded as they were leaving the bank's parking lot that McCoy had robbed the bank. He also denied ever having been the getaway car driver in any of McCoy's other bank robberies.
 
 
 4
 McCoy, however, testified that Nash had been involved in five robberies since February, including the one on March 22. McCoy admitted that he did not tell Nash prior to the first robbery that he intended to rob a bank; instead, McCoy simply told Nash that he needed a ride to a bank. After that robbery, McCoy told Nash what he had done and asked Nash whether he would be interested in driving the getaway car again. Nash said he would. McCoy testified that Nash had driven him to and from five robberies, including the one on March 22. Nash always received a fee for his services.
 
 II.
 
 5
 The first claim raised by Nash is that a comment by the prosecutor during closing argument constituted reversible error. Addressing the testimony of Alston, who testified on Nash's behalf and also admitted that she had a $100 per week cocaine habit, the prosecutor stated that one reason Alston's testimony might not be believable was that she needed Nash's money to help finance her habit. Defense counsel objected to this comment because there was no evidence that Nash bought drugs for Alston. We find no reversible error.
 
 
 6
 If a prosecutor makes an improper remark, four factors are weighed in deciding whether reversal is warranted: (1) the degree to which the remarks misled the jury and prejudiced the defendant; (2) whether the remarks were isolated or extensive; (3) whether, absent the remarks, competent proof established guilt; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984). See also United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988); United States v. Odom, 736 F.2d 104, 117-18 (4th Cir. 1984).
 
 
 7
 We do not decide whether the remark in this case was proper. However, it is clear that, even if it was improper, a weighing of the Harrison factors demonstrates that it was not so prejudicial as to warrant reversal. The evidence of guilt was very strong. Not only did McCoy implicate Nash, but Nash's own testimony was contradictory. Nash claimed not to have had any reason to suspect that McCoy was planning or had committed the robbery until the dye pack exploded as they left the parking lot. However, Nash also testified that, as soon as McCoy got in the car after leaving the bank, Nash said to McCoy, "Somebody [the witness standing at an automatic teller machine who got the license plate number] seen what you done." Finally, a witness to another robbery testified that the robber got into a gray car with a damaged bumper. This description matched Alston's car.
 
 
 8
 Further, the remark about Alston's possible motive for lying was isolated, and hardly the focus of the prosecutor's closing argument. In the face of the evidence against Nash, the remark could not have prejudiced the jury. Nor is there any reason to believe that the remark was intended to divert the jury's attention to an extraneous matter. Indeed, as the credibility of the witnesses was for the jury to decide, a possible reason for Alston's having lied was not extraneous, but relevant to the issue of her credibility. Under Harrison, then, there was no misconduct warranting reversal.
 
 III.
 
 9
 Nash also contends that the court improperly admitted the testimony of McCoy as to the other four robberies in violation of Fed. R. Evid. 404(b). Under that rule, evidence of prior bad acts is admissible on an issue other than character if the evidence is relevant, necessary, and reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). It is only the reliability of McCoy's testimony that Nash challenges on appeal. We reject this contention.
 
 
 10
 McCoy's testimony was reliable. He testified with considerable specificity about the other four robberies and said that Nash always drove him in Alston's gray Oldsmobile. His testimony was corroborated in many respects by that of employees of other banks McCoy had robbed, as well as by the testimony of the witness who described the getaway car, which matched Alston's car. Because McCoy's testimony was corroborated by that of another witness, and because McCoy was subject to perjury charges if his testimony was untrue, the district court did not abuse its discretion in finding that the testimony was sufficiently reliable to warrant its admission. See United States v. Hadaway, 681 F.2d 214, 217-18 (4th Cir. 1982).
 
 IV.
 
 11
 Finally, Nash maintains that evidence of a 1984 theft conviction should not have been admitted.* Prior to the beginning of the Defendant's case, defense counsel made a motion in limine to exclude not the theft conviction, but a 1985 rape conviction. The motion was granted.
 
 
 12
 We review the introduction of this evidence for plain error. See United States v. Snowden, 770 F.2d 393, 397 (4th Cir.), cert. denied, 474 U.S. 1011 (1985). Excluding this evidence, there was considerable evidence of Nash's guilt before the jury. It cannot be said that the admission of this evidence so undermined confidence in the verdict as to impugn the trial's fundamental fairness or to constitute a complete miscarriage of justice. Reversal for plain error is not warranted. See United States v. Young, 470 U.S. 1, 16 (1985).
 
 V.
 
 13
 We accordingly affirm the conviction. As our review of the materials before us reveals that argument would not significantly aid the decisional process, we grant Nash's motion to submit the case on the briefs and dispense with oral argument.
 
 AFFIRMED
 
 
 *
 Significantly, it was the defense, not the prosecution, that brought up the theft conviction in the first instance at trial